UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NETWORK APPLIANCE, INC.,

           Plaintiff,

  v.

BLUEARC CORP.,

           Defendant.
_____/

No. C 03-5665 MHP

**MEMORANDUM & ORDER**
**Re: Plaintiff's Motion for Sanctions**

    Plaintiff Network Appliance filed this action in the United States District Court for the District of Delaware, alleging infringement of three patents that relate to network file server architecture and operating system software. On defendant's motion, the District of Delaware ordered the action transferred to this court on December 16, 2003. Plaintiff now moves to sanction defendant for its failure to produce certain documents during discovery in a timely manner. Having considered the arguments presented and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND

    The instant action arises from allegations that defendant BlueArc Corporation has infringed two patents for network file servers architectures and a related patent for computer software. The parties completed fact discovery on February 25, 2005, and a trial date has been set for July 26, 2005. The motion now before the court seeks sanctions based on defendant's alleged misconduct during discovery.

    The specific conduct at issue arises from a dispute regarding the scope of a request for the production of certain documents relevant to the issue of damages. Following a characteristically futile

exchange of letters, plaintiff sought a court order compelling production of various documents related to defendant's sales of allegedly infringing products, including documents relevant to the volume and prices of defendant's sales, the identity of defendant's customers, defendant's profits from sales of the accused devices, and sundry documents relating to sales and marketing. Smith Decl., Exh. B. The court granted plaintiff's request at a telephonic discovery hearing held on January 28, 2005 and ordered defendant to produce all responsive documents by February 7, 2005.   On that date, defendant produced a number of documents in response to the court's order. Smith Decl., Exh. F. However, following the February 15, 2005 deposition of Erik Miller, defendant's Rule 30(b)(6) designee on the issue of damages, a further dispute arose regarding defendant's failure to produce its customer files in their entirety. On February 18, 2005, plaintiff requested those files from defendant, as well as seeking production of additional documents related to defendant's sales and inventory and of additional marketing presentations to supplement the "representative" sample that the court ordered defendant to produce in its February 7 order. Smith Decl., Exh. G. Defendant responded immediately, agreeing to produce the requested documents by February 25, 2005.

On February 25, the last day of fact discovery, defendant produced over 15,000 pages of documents in response to plaintiff's February 18 request. Smith Decl., Exh. H. Plaintiff now contends that these documents were wrongfully withheld from defendant's February 7 document production. Thus, relying on Federal Rule of Civil Procedure 37 and the court's inherent power, plaintiff seeks to preclude defendant from presenting a host of damages-related evidence at trial. In addition, plaintiff argues that defendant's incomplete and untimely response to its initial requests for production of documents warrants sanctions under Federal Rule of Civil Procedure 26(g). The court considers the merits of plaintiff's argument below.

LEGAL STANDARD

Federal courts have the authority to sanction litigants for discovery abuses both under Federal Rules of Civil Procedure and pursuant to the court's inherent power to prevent abuse of the judicial process. See Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991); In re Matter of Yagman, 796 F.2d 1165, 1187 (9th Cir. 1986). Specifically, where a party fails to comply with a discovery order, Federal Rule of Civil Procedure 37 authorizes the court to impose a range of sanctions, including, *inter alia*, taking facts as established, precluding evidence, and dismissing the action or entering default judgment. Fed. R. Civ. P. 37(b)(2). Additionally, even in the absence of a court order compelling discovery, sanctions may be imposed upon a party under Federal Rule of Civil Procedure 26 if counsel for that party fails to make a "reasonable inquiry" into the factual basis for any discovery request or response. Fed. R. Civ. P. 26(g); National Ass'n of Radiation Survivors v. Turnage, 115 F.R.D. 543, 555 (N.D. Cal. 1987) (Patel, J.) (citing Fed. R. Civ. P. 26(g) Advisory Committee Notes).

Under both Rule 26 and Rule 37, the standard for sanctionable misconduct is generally one of objective reasonableness. Oregon RSA No. 6, Inc. v. Castle Rock Cellular of Or. Ltd. P'ship, 76 F.3d 1003, 1007 (9th Cir. 1996) (discussing Rule 26(g)); Marquis v. Chrysler Corp., 577 F.2d 624, 642 (9th Cir. 1978) (discussing Rule 37). In contrast, a showing of bad faith is required to impose sanctions under the court's inherent power. See Chambers, 501 U.S. at 50; Zambrano v. City of Tustin, 885 F.2d 1473, 1478 (9th Cir. 1989). Furthermore, "when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than [its] inherent power." Chambers, 501 U.S. at 50. In either case, the decision to impose sanctions lies within the sound discretion of the district court. Lasar v. Ford Motor Co., 399 F.3d 1101, 1109 (9th Cir. 2005) (reviewing sanctions imposed under the court's inherent power); Payne v. Exxon Corp., 121 F.3d 503, 510 (9th Cir. 1997) (upholding sanctions imposed under the Federal Rules of Civil Procedure).

DISCUSSION

The instant motion seeks to sanction defendant for its untimely production of a host of damages-related documents. Although plaintiff seeks sanctions under both the court's inherent power and the Federal Rules of Civil Procedure, the court focuses on whether it should impose sanctions under Rule 26(g) and Rule 37, which provide an adequate remedy for the type of discovery violations that plaintiff has identified and are thus a more appropriate basis for imposing the preclusive sanctions that plaintiff seeks. Accord Chambers, 501 U.S. at 50.

I.   Rule 37

The first issue raised by plaintiff's motion is whether defendant should be sanctioned for its failure to respond adequately to the court's January 28, 2005 order compelling the production of several categories of documents relevant to the issue of damages.[1] Specifically, plaintiff contends that in responding to the court's order to compel, defendant unreasonably and in bad faith omitted certain responsive documents, including the complete contents of defendant's customer files and other documents relevant to establishing defendant's profits from the sale of the accused products. Thus, according to plaintiff, the imposition of preclusive sanctions under Federal Rule of Civil Procedure 37 is warranted.

As an initial matter, it should be noted that on the menu of sanctions that a court may select from in applying Rule 37, preclusion of evidence is among the most severe; indeed, under certain circumstances, the imposition of preclusive sanctions may be tantamount to dismissal of a plaintiff's claims or entry of default judgment against a defendant. See United States v. Sumitomo Mar. & Fire Ins. Co., 617 F.2d 1365, 1369 (9th Cir.1980). Under those circumstances, mere negligent conduct is insufficient to impose the severe penalty of exclusionary sanctions, and a showing of bad faith is required. Id. Moreover, "[e]xclusion sanctions based on alleged discovery violations are generally improper absent undue prejudice to the opposing side." Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp., 190 F.R.D. 644, 648 (N.D. Cal. 2000) (Infante, Mag. J.) (citing Wendt v. Host Int'l, Inc., 125 F.3d 806, 814 (9th Cir. 1997)).

The purported violations of Rule 37 that plaintiff has identified in the instant motion fall far short of meeting this high standard. In fact, even if the court were to assume that a showing of bad faith is not

4

1   required to impose the type of preclusive sanctions that plaintiff seeks, there can be no doubt that defendant
2   made a reasonable effort to respond to the court's order to compel, producing
3   the vast majority of responsive documents by the court-imposed deadline and promptly supplementing
4   those disclosures when it was requested to do so by plaintiff.  Moreover, to the extent that plaintiff relies on
5   defendant's failure to produce its customer files in their entirety, defendant submits that it declined to do so
6   because its chief financial officer ("CFO") had concluded that the contents of the file did not accurately
7   reflect defendant's revenues and thus were not responsive to plaintiff's request for "documents . . . showing
8   prices and how many of the accused products have been sold and to which customer."  Smith Decl., Exh.
9   B (Dec. 17, 2004 Letter from Brian Smith to Shana Stanton); Miller Decl. ¶¶ 2-5.  This explanation is
10  reasonable.

11       In short, defendant's response to the court's January 28, 2005 order represented a reasonable
12  effort to produce a large volume of documents in a short period of time.  While that alone is enough to
13  warrant denying plaintiff's motion for sanctions pursuant to Rule 37, the court also notes that plaintiff bears
14  the burden of presenting evidence that it suffered "undue prejudice" as a result of defendant's failure to
15  produce a subset of the responsive damages-related documents on February 7.  See Amersham, 190
16  F.R.D. at 648 (noting that preclusive sanctions are "generally improper" in the absence of such a showing).
17  The touchstone of the prejudice inquiry under Rule 37 is whether a discovery violation "threaten[s] to
18  interfere with the rightful decision of the case" or "impair[s] the moving party's ability to go to trial."  See
19  Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 591 (9th Cir. 1983).  Delayed production of documents
20  is rarely sufficient to meet this standard.  See Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th
21  Cir. 1990) (citing SEC v. Seaboard Corp., 666 F.2d 414, 417 (9th Cir. 1982)), cert. denied, 498 U.S.
22  1109 (1991).

23       Here too, plaintiff falls far short of making the showing required to impose the harsh sanctions that it
24  seeks.  At best, plaintiff can establish a three-week delay in receiving a limited number of damages-related
25  documents, all of which were ultimately produced many months in advance of trial.  It is also significant that
26  defendant sought to mitigate the adverse impact of this relatively minor delay by offering to extend the
27  deadline for the submission of plaintiff's expert report on damage.  That plaintiff rejected this offer and
28

UNITED STATES DISTRICT COURT
For the Northern District of California

5

1  instead elected to file a motion for sanctions does not require the court to indulge such overly
2  confrontational litigation tactics. Accordingly, the court denies plaintiff's request for sanctions on the basis
3  of Federal Rule of Civil Procedure 37.

4  II.     Rule 26

5        Plaintiff also seeks sanctions pursuant to Federal Rule of Procedure 26. As noted above, Rule 26
6  requires a litigant to make a reasonable inquiry into the factual basis for its response to a discovery request.
7  See Radiation Survivors, 115 F.R.D. at 555; see also Fed. R. Civ. P. 26(g) Advisory Committee Notes.
8  The gravamen of plaintiff's argument under Rule 26 is that defendant acted unreasonably in failing to
9  produce all relevant damages-related documents in response to plaintiff's requests for production. Thus,
10 citing this court's decision in Radiation Survivors, 115 F.R.D. at 559, plaintiff contends that sanctions in the
11 form of exclusion of evidence should be imposed under Rule 26(g).

12       This argument is without merit. The parties' disagreement regarding the scope of plaintiff's
13 requested discovery is little more than a garden-variety discovery dispute. Such a dispute is a far cry from
14 the sort of "consistent failure of [the] defendant and its counsel to conduct reasonable factual inquiries prior
15 to filing various discovery responses and other pleadings, papers, and motions" that this court found to be
16 sanctionable in Radiation Survivors. See id. at 555.[2] Furthermore, for the reasons in the court's discussion
17 of Rule 37, there is nothing to suggest that plaintiff was prejudiced by any failure to produce responsive
18 documents on defendant's part. In light of this fact, the imposition of Rule 26(g) sanctions of any sort upon
19 defendant is clearly inappropriate, and an order imposing the harsh penalty of exclusion of evidence would
20 almost certainly be an abuse of discretion. Accordingly, the court denies plaintiff's request for sanctions on
21 the basis of Federal Rule of Procedure Rule 26.

CONCLUSION

For the forgoing reasons, the court DENIES plaintiff's motion for sanctions.

IT IS SO ORDERED.

Date: June 27, 2005

_____
MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

## **ENDNOTES**

1. Specifically, the court ordered defendant to produce documents falling within the following categories: (1) documents showing the prices of the allegedly infringing products and the volume of defendant's sales; (2) defendant's monthly profit and loss statements and cost information for the accused products; (3) all advertisements for the accused products; (4) representative sales presentations that defendant made to customers or potential customers seeking to purchase the accused products; (5) representative internal management presentations regarding the accused products; and (6) information on defendant's market share. Smith Decl., Exh. E at 13 (Transcript of Jan. 28, 2005 Telephonic Hearing) (ordering the production of documents listed in plaintiff's December 17, 2005 letter).

2. In any event, the court's order in Radiation Survivors actually imposed monetary sanctions and required the respondent to comply with a number of additional discovery obligations without reaching the issue of whether exclusion of evidence would be appropriate. See 115 F.R.D. at 563-64. Accordingly, the passage of that order that plaintiff cites in support of its entitlement to preclusive sanctions is mere dicta.